UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GERALD KLEPAREK,

    Plaintiff,

v.                                              Case No:   2:13-cv-490-FtM-38CM

FLORIDA CIVIL COMMITMENT
CENTER, REBECCA JACKSON,
CRAIG BELOFF, JEFF RONE and
TIMOTHY BUDZ,

    Defendants.
_____/

## OPINION AND ORDER[1]

This matter comes before the Court upon review of defendants' motion to dismiss (Doc. #21, Motion). Plaintiff filed a response in opposition (Doc. #23). For the reasons that follow, the Court will grant defendants' motion. However, the Court will direct the Clerk to docket the instant § 1983 Complaint (Doc. #1) in a habeas corpus action pursuant to 28 U.S.C. § 2241 and assign the new action the nature of suit code 530.

I.

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

Plaintiff Gerald Kleparkek, who is civilly detained at the Florida Civil Commitment Center (FCCC), initiated this action by filing a Civil Rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. #1, Complaint) and attached an exhibit consisting of his resident grievance appeal form and response thereto (Doc. #1-1).  The Complaint alleges a violation of Plaintiff's Fourteenth Amendment rights stemming from a disciplinary report and subsequent hearing that resulted in a guilty finding.  Plaintiff claims that the disciplinary report is false and that he was denied due process during the hearing.  Plaintiff alleges that this disciplinary infraction will be considered by the circuit court judge when reviewing Plaintiff's civil detention at the FCCC and impact the length of his civil detention.  As relief, Plaintiff requests that the Court "remove" the false disciplinary report from his records at the FCCC.

Defendants move to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and attach exhibits that are public records including: (1) Plaintiff's petition for writ of mandamus filed in state court in case number 2012-CA-183 (Exh. 1); (2) the state's response to the petition filed in case number 2012-CA-183 (Exh. 2); (3) the state court's order denying the petition (Exh. 3); (4) the appellate court's order converting an appeal to a proceeding *in certiorari* (Exh. 4); (5) the appellate court's order *per curiam* denying the petition for writ of *certiorari* (Exh. 5); and (6) an order denying appellant's motion for rehearing and clarification (Exh. 6).  Defendants argue that the principals of *res judicata* bar this § 1983 action because Plaintiff filed an almost identical civil action (the petition for writ of mandamus) in the state court, which was denied.

II.

In deciding a Rule 12(b)(6) motion to dismiss, the Court limits its consideration to well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed. La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004). Thus, the Court must accept all factual allegations in Plaintiff's Complaint as true and take them in the light most favorable to the plaintiff. Pielage v. McConnell, 516 F.3d 1282, 1284 (11th Cir. 2008). Conclusory allegations, however, are not entitled to a presumption of truth. Ashcroft v. Iqbal, 556 U.S. 662, 681 (2009)(discussing a 12(b)(6) dismissal); Marsh v. Butler County, Ala., 268 F.3d 1014, 1036 n.16 (11th Cir. 2001).

The Court employs the Twombly-Iqbal plausibility standard when reviewing a complaint subject to a motion to dismiss. Randall v. Scott, 610 F.3d 701, 708, n. 2 (11th Cir. 2010). A claim is plausible where the plaintiff alleges facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiff's claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007); Marsh, 268 F.3d at 1036 n.16. Specifically, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555 (citations omitted). Thus, "the-defendant-unlawfully harmed me accusation" is insufficient. Iqbal, 556 U.S. 662, 677. "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Id. The "[f]actual allegations must

be enough to raise a right to relief above the speculative level." See Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965, 1968-69 (citations omitted) (abrogating Conley, 355 U.S. 41 in part). Additionally, there is no longer a heightened pleading requirement. Randall, 610 F.3d at 701. Because Plaintiff is proceeding *pro se,* his pleadings are held to a less stringent standard than pleadings drafted by an attorney and will be liberally construed. Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003) (citing Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998)).

III.

Upon review of the Complaint and defendants' 12(b)(6) motion, the Court finds the action is not properly filed as a § 1983 action and should have been brought in a habeas corpus action instead. Plaintiff asserts that the disciplinary report is false and also challenges the procedures used during his disciplinary hearing. Plaintiff contends that this disciplinary infraction impacts the length of his civil confinement. A review of the Complaint evidences that Plaintiff's disciplinary infraction has not been expunged. Instead, expungement of the disciplinary infraction is the very relief Plaintiff seeks through this action. This relief is more appropriately sought through a habeas action. See Preiser v. Rodriquez, 411 U.S. 475 (1973). "[A] state prisoner's § 1983 action is barred (absent prior invalidation)- no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)- if success in that action would necessarily demonstrate the invalidity of the confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005). Therefore, a "claim for declaratory relief and money damages, based on allegations of deceit and bias on the part of the decision maker that necessarily imply the invalidity of

the punishment imposed, is not cognizable under § 1983." Edwards v. Balisok, 520 U.S. 641, 648 (1997); see Id. at 646-48 (holding that challenge to procedures used in disciplinary hearing that resulted in the deprivation of good-time credits could not be brought under § 1983); see generally Jenkins v. Haubert, 179 F.3d 19 (2nd Cir. 1999)(recognizing a plaintiff to bring a § 1983, conditions of confinement suit, when the plaintiff, who was no longer incarcerated, was challenging the disciplinary process, not the disciplinary infraction).

The remaining issue is whether the Court should convert the instant § 1983 action to a habeas action, considering it appears Plaintiff has already exhausted his State court remedies by filing a state petition for writ of mandamus, which the state court denied on July 9, 2012. See e.g. Watson v. Briscoe, 554 F.2d 650 (5th Cir. 1977)[2] (affirming district court's dismissal of a § 1983 action when the prisoner plaintiff should have filed a habeas petition challenging the disciplinary report, after exhausting his state remedies, but remanding for a determination of whether the district court should have stayed the action pending the plaintiff's exhaustion of state remedies); Prather v. Norman, 901 F.2d 915 (11th Cir. 1990) (cautioning district courts to consider the effect that treatment of an inmates' civil rights complaints as petitions for habeas corpus will have on the future viability of those claims) (citing Richardson v. Fleming, 651 F.2d 366, 373 (5th Cir. 1981); Meadows v. Evans, 550 F.2d 345 (5th Cir. 1976) (en banc) (per curiam), cert. denied, 434 U.S. 969; Fulford v. Klein, 550 F.2d 342 (5th Cir. 1977) (en banc) (per curiam)).

---

[2]**Error! Main Document Only.**In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Here, the Complaint names several defendants, who are represented by counsel from a private law firm, none of whom would be the proper respondent in a habeas action. The proper respondent in a habeas action filed by a civil detainee at the FCCC is the Secretary of the Department of Children and Families, who would be represented by counsel from the Office of the Florida Attorney General. Consequently, the Court grants defendants' motion to dismiss, but directs the Clerk to open a new civil action with the Complaint (Doc. #1) docketed as the petition, nature of suit 530. If Plaintiff wishes to proceed with his action, he must file an amended petition raising all the claims herein and naming the proper respondent, the Secretary of the Florida Department of Children and Families, on or before January 16, 2015.

ACCORDINGLY, it is hereby **ORDERED:**

1. Defendants' motion to dismiss (Doc. #1) is **GRANTED**.

2. The Clerk of Court shall terminate any pending motions, enter judgment accordingly, and close this case.

3. The Clerk is further directed to: (1) open a new civil action, nature of suit 530, and docket the Complaint (Doc. #1) as the Petition, and docket a copy of this order; (2) send Plaintiff a § 2241 habeas corpus form with the new case number.

4. Petitioner must file an amended petition on the form on or before January 16, 2015, if he wishes to proceed in the new action. Failure to do so will result in the dismissal of the new action without further notice.

**DONE** and **ORDERED** in Fort Myers, Florida on this 10th day of December, 2014.

*/s/ Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: alr
Copies: All Parties of Record